# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

United States of America
v.
SCOTT E. RUEDE
*Defendant*

Case No. 3:26-cr-30053-NJR

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

- ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
- ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**
- ☒ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☐ **(1)** a serious risk that the defendant will flee if released; **or**
- ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☒ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Application of Any Presumption Established Above**

☐ The defendant has not rebutted the presumption.

**OR**

☒ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☒ Weight of evidence against the defendant is strong.
- ☒ Subject to lengthy period of incarceration if convicted.
- ☒ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☒ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☒ History of alcohol or substance abuse.
- ☐ Prior criminal history.
- ☐ History of violence or use of weapons.
- ☐ Prior violations of probation, parole, or supervised release.
- ☐ Prior failure to appear in court as ordered.
- ☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☐ Participation in criminal activity while on probation, parole, or supervision.
- ☒ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

The matter came before the Court for a detention hearing on May 18, 2026. (Doc. 12). The Government moved for detention on the grounds that the Defendant presented a danger to the community and a risk of non-appearance. (Doc. 8). An initial bail investigation was conducted by the Pre-Trial Services Office in the Northern District of New York where the Defendant was arrested. The bail report recommended detention. (Doc. 9). An addendum was filed by the Pre-Trial Services Office in this district which recommended release on various conditions. (Doc. 10). After considering the evidence and arguments of the parties, the Court concurs with the detention recommendation in the initial bail report.

A weighing of the required factors warrants detention. First, a rebuttable presumption of detention applies because of the charged offense. The Court will presume that the presumption has been rebutted because the addendum filed by the Pre-Trial Services Office in this district recommended release. The presumption, however, remains as a factor that weighs in favor of detention. Second, the nature and circumstances of the offense weigh in favor of detention as the Defendant is accused of attempted sexual exploitation of a minor. Specifically, the Defendant is accused of having an online relationship in September 2024 with a minor victim who was, at the time, 15 years of age. Much of the Government's evidence comes from the minor victim's phone. Based on this evidence, the Defendant apparently knew that the minor victim was 15. The minor victim also sent countless videos and messages of a sexual nature to the Defendant. This behavior was further corroborated through audio recordings made by the Defendant, which were found on the minor victim's phone. These recordings showed the Defendant requesting things of a sexual nature from the minor victim. The Defendant also talked about wanting to engage in sex with the minor victim and not caring about being caught by his stepdad. Third, although given less weight due to the presumption of innocence, the weight of the evidence against the Defendant likewise favors detention. When the Defendant was interviewed by law enforcement, he admitted to communicating with a minor victim from the Midwest and to receiving videos and images of a sexual nature from the minor victim.

As to the Defendant's history and characteristics, the Defendant has been employed as a delivery driver for Door Dash since 2021 and for Wal-Mart since 2024. He works approximately 18-30 hours per week for each company. The Defendant reports that he is in poor physical health based on high blood pressure and being overweight. He also reported recently having surgery on his right ankle. The Defendant further reported previously being diagnosed with certain mental health conditions for which he attended therapy and took some medications. He stopped taking the medications after about a year because he was feeling better. As for substance abuse, the Defendant reported consistent alcohol and marijuana use. The Defendant, however, denied a history of substance abuse and did not believe he needed treatment. The Defendant has no reported criminal history. While these characteristics present somewhat of a mixed bag, this factor weighs in favor of release.

The final factor that the Court must consider is "the nature and seriousness of the danger to . . . the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). This is the factor that is most concerning to the Court due, in large part, to the Defendant's behavior after his relationship with the minor was discovered. Based on the Government's proffer, the minor victim contacted the Defendant's mother to report the inappropriate relationship. The mother confronted the Defendant, but the Defendant told his mother he thought the minor victim was 18 years of age. The Defendant then contacted the minor victim and asked the minor victim to call his mother to say she was 18. The Defendant also deleted his social media accounts. Obviously, such behavior is tantamount to obstruction and/or witness tampering. More importantly, however, is the fact that the Government found evidence of the Defendant messaging numerous individuals in 2025, who were identifying as being 13 and 14 years of age. This is concerning on so many levels, most notably because despite being caught and confronted, the Defendant continued to engage in unlawful behavior. This fact also calls into question the ability of any of the Defendant's family members to reign in the Defendant's behavior should he be released on various conditions. Given the above and the allegations in the instant case, the Court does not believe that there are any conditions that could be imposed to alleviate the clear risk presented by the Defendant. Detention is thus warranted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: May 29, 2026

Gilbert C Sison Digitally signed by Gilbert C Sison Date: 2026.05.29 16:47:06 -05'00'

U.S. Magistrate Judge